IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BIDMYCRIBLLC, d/b/a BidMyCrib.com, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>   vs.<br><br>GROUPON, INC.,<br><br>        Defendant. | Case No. 1:11-cv-08647<br><br>Honorable Joan H. Lefkow |

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION[1]

Plaintiff, by its undersigned counsel, respectfully moves this Court, pursuant to Fed. R. Civ. P. 23(a), 23(b)(2), and 23(b)(3), for an Order certifying this litigation as a class action on behalf of a class defined as:

> All entities that entered into one or more Merchant Agreements with Groupon, from the date of Groupon's inception through the present day (the "Class").

Excluded from the Class are Defendant Groupon, Inc. ("Defendant" or "Groupon") and its subsidiaries and affiliates; all persons or entities who make a timely election to be excluded from

---

[1]  Plaintiff is presently filing this motion in light of the Seventh Circuit's recent opinion in *Damasco v. Clearwire Corporation*, No. 10-3934, 2011 WL 5829773 (7th Cir. Nov. 18, 2011) ("*Clearwire*"). In *Clearwire*, the Seventh Circuit affirmed the district court's dismissal of the action on the grounds that the defendant's offer of full relief to the named plaintiffs prior to a motion for class certification stripped those plaintiffs of their interests in the case, thereby mooting the action. In so affirming, however, the Seventh Circuit held that "[a] simple solution to the buy-off problem . . . [is for] [c]lass-action plaintiffs [to] move to certify the class at the same time that they file their complaint." *Id*. at *4.

In response to the concern that such an approach would "provoke plaintiffs to move for class certification prematurely, before they have fully developed or discovered the facts necessary to obtain certification," *id*. at *11, the Seventh Circuit went on to assert that it is the filing of a class certification motion, and neither the adjudication (or even the forward progress) thereof, that precludes the "buy-off" problem, stating that "[i]f the parties have yet to fully develop the facts needed for certification, then they can also ask the district court to delay its ruling to provide time for additional discovery or investigation," *id*., and confirming that "this procedure comports with Federal Rule of Civil Procedure 23(c)(1)(A), which permits district courts to wait until 'an early practicable time' before ruling on a motion to certify a class." *Id*.

the Class; governmental entities; and the judges to whom this case is assigned and any immediate family members thereof.

Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of its claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

In support of its motion,[2] Plaintiff states as follows:

This is a class action lawsuit through which Plaintiff, individually and on behalf of the Class described herein, seeks damages and equitable relief from Groupon for its practice of intentionally, and without authorization, accessing and altering electronically stored emails that Groupon's merchant-clients – including Plaintiff and the other Class members – received from Groupon, all in violation of the Stored Communications Act, 18 U.S.C. § 2701, *et seq.* All Class members have a common interest in establishing Groupon's liability and in having their claims adjudicated in a single forum.

This case satisfies all of the elements of Rule 23(a) and Rules 23(b)(2) and 23(b)(3). A district court has "broad discretion" in determining whether to certify a class. *Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 596 (7th Cir. 1993) (citing *United Indep. Flight Officers, Inc. v. United Air Lines, Inc.,* 756 F.2d 1274, 1283 (7th Cir. 1985)). Rule 23(a) requires numerosity, commonality, typicality, and adequacy of representation. Fed. R. Civ. P. 23(a). Rule 23(b)(2) requires that the party opposing the class has acted or refused to act on grounds that apply generally to the class such that final injunctive relief or corresponding declaratory relief is appropriate for the class as a whole; and Rule 23(b)(3) requires predominance and superiority. As discussed below, each of these requirements is satisfied.

---

[2] Upon presentment of this Motion for Class Certification to the Court, Plaintiff will request a briefing schedule that will include, among other things, a deadline by which to file its opening memorandum of law in support thereof.

1.     **Numerosity – Federal Rule of Civil Procedure 23(a)(1).**

The numerosity requirement is satisfied where "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1); *see also Swanson v. Am. Consumer Indus., Inc.*, 415 F.2d 1326, 1333 n. 9 (7th Cir. 1969) (certifying class of 40 persons). "Although there is no bright-line test for numerosity, a class of at least forty members is generally sufficient to satisfy Rule 23(a)(1)." *Cavin v. Home Loan Center, Inc.*, 236 F.R.D. 387, 391 (N.D. Ill. 2006). "Precise quantification of the class members is not necessary because the court may make 'common sense assumptions' to support a finding of numerosity." *German v. Fed. Home Loan Mortg. Corp.*, 885 F. Supp. 537, 552 (S.D.N.Y. 1995) (citation omitted); *accord McCabe v. Crawford & Co.,* 210 F.R.D. 631, 643 (N.D. Ill. 2002). While discovery has not yet commenced in this action, Plaintiff believes that Class members number at least in the tens of thousands. While the precise number of Class members and their addresses is presently unknown to Plaintiff, that information may be ascertainable from Groupon's books and records once discovery commences and those Class members can be readily identified so that notice can be disseminated to them. Accordingly, the numerosity requirement of Rule 23(a)(1) is satisfied.

2.     **Commonality and Predominance –Rule 23(a)(2) and 23(b)(3).**

The commonality requirement is satisfied where "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). This requirement focuses on whether the class members' grievances "derive from a 'common nucleus of operative fact'." *In re Hartmarx Sec. Litig.*, No. 01 C 7832, 2002 WL 31103491, at *10 (N.D. Ill. Sept. 19, 2002) (quoting *Rosario v. Livaditis,* 963 F.2d 1013, 1017–18 (7th Cir. 1992). Such a common nucleus exists where "defendants have engaged in standardized conduct towards members of the proposed class." *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998). "A common nucleus of operative fact is usually enough to satisfy the commonality requirement of Rule 23(a)(2)." *Id*. (citation omitted).

Courts recognize that there may be factual differences between class members but the existence of such variations will not necessarily defeat the class aspect of the action. *Rosario v. Livaditis*, 963 F.2d 1013, 1017 (7th Cir. 1992), *cert. denied*, 506 U.S. 1051 (1993); *Patterson v. Gen. Motors Corp.*, 631 F.2d 476, 481 (7th Cir. 1980), *cert. denied*, 451 U.S. 914 (1981). "[F]actual variations among class members' grievances" do not themselves defeat the certification of a class. *Id*. In this case, the common questions of law or fact include, among others: whether Groupon engaged in the wrongful conduct alleged in the Class Action Complaint; whether Groupon's practices violate applicable law; whether Plaintiff and the other Class members are entitled to statutory damages under the Stored Communications Act, 18 U.S.C. § 2701, *et seq.*; and whether Plaintiff and the other Class members are entitled to equitable relief, including but not limited to injunctive relief..

Indeed, as alleged in the Complaint, Groupon engaged in a common course of conduct giving rise to the legal rights sought to be enforced by Plaintiff on behalf of itself and the other Class members. Identical statutory violations, business practices, and injuries are involved. Individual questions, if any, pale by comparison, in both quality and quantity, to the numerous common questions that dominate this action. Thus, the commonality requirement of Rule 23(a)(2) is satisfied.

With respect to Rule 23(b)(3)'s predominance requirement, that requirement is satisfied where "questions of law or fact common to the class members predominate over any questions affecting only individual members." Fed. R. Civ. P. 23(b)(3). "The requirement of predominance is met where . . . there is a showing of predominance of common questions at the liability stage of the litigation, rather than at the damages stage." *In re Natural Gas Commodities Litig.*, 231 F.R.D. 171, 180-81 (S.D.N.Y. 2005) (certifying a three-year class of both long and short sellers) (citation omitted). The predominant issue in this litigation will be whether

Groupon intentionally, and without authorization, accessed and altered Plaintiff and the other Class members' electronically stored emails in the manner alleged in the Complaint. Plaintiff alleges a uniform course of conduct by Groupon and that this course of conduct affected all Class members similarly. These allegations of Groupon's common course of conduct demonstrate that common questions will predominate.

### 3. Typicality – Federal Rule of Civil Procedure 23(a)(3).

The typicality requirement is satisfied where "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). A claim "is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." *De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983) (citation omitted). Typicality is closely related to commonality, *Keele*, 149 F.3d at 595, and, as in the case of commonality, factual distinctions between the claims of class members will not necessarily defeat a claim of typicality. *De La Fuente*, 713 F.2d at 233. The focus of the class certification analysis is on "whether the named representatives' claims have the same essential characteristics as the claims of the class at large." *In re Hartmarx Sec. Litig.*, 2002 WL 31103491, at *14 (quoting *Retired Chicago Police Ass'n*, 7 F.3d at 596-97). A named representative's claim is typical where "it arises from the same event or practice or course of conduct that gives rise to the claims of other class members" and is "based on the same legal theory." *Id*. "Typical does not mean identical, and the typicality requirement is liberally construed." *In re Neopharm, Inc. Sec. Litig.*, 225 F.R.D. 563, 566 (N.D. Ill. 2004) (citation omitted). A named representative's claim is "atypical" only if there is a defense to that representative's claim that is "unique, arguable and likely to usurp a significant portion of the litigant's time and energy." *Danis v. USN Commc'n, Inc.*, 189 F.R.D. 391, 395 (N.D. Ill. 1999) (citation omitted).

Plaintiff's claims here are typical of the claims of the other Class members it seeks to represent because, among other things, all Class members were comparably injured by Groupon's uniform misconduct and statutory violations and were thus all subject to the injuries alleged in the Complaint. Further, there are no defenses available to Groupon that are unique to Plaintiff. Thus, the typicality requirement of Rule 23(a)(3) is satisfied.

### 4. Adequacy of Representation – Federal Rule of Civil Procedure 23(a)(4).

The adequacy of representation requirement is satisfied where "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Adequacy of representation merely requires that the class representative's attorneys be qualified, and that the class representative not have interests conflicting with the class in the litigation at hand. *Sosna v. Iowa*, 419 U.S. 393, 403 (1975). It must appear that the named plaintiff will "vigorously pursue the litigation on behalf of the class" and the named plaintiff's attorneys must be "qualified, experienced and able to conduct the litigation." *Scholes v. Stone, McGuire & Benjamin*, 143 F.R.D. 181, 186 (citing *Secretary of Labor v. Fitzsimmons*, 805 F.2d 682, 697 (7th Cir. 1986)).

Plaintiff is an adequate Class representative because it has no interests antagonistic to the interests of absent Class members and there are no material conflicts between Plaintiff's interests in this litigation and those of the other Class members that would make class certification inappropriate. Moreover, Plaintiff has retained counsel competent and experienced in complex class action litigation, and who are committed to vigorously prosecuting this action, have already committed significant resources to this litigation and have demonstrated that they will continue to do so.

Additionally, Plaintiff respectfully requests that this Court appoint, pursuant to Rule 23(g)(3) of the Federal Rules of Civil Procedure, Adam J. Levitt (Wolf Haldenstein Adler Freeman & Herz LLC) and Joseph J. Siprut (Siprut PC) as Class Counsel.[3]

### 5. Superiority – Federal Rule of Civil Procedure 23(b)(3).

The superiority requirement is satisfied where the "class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). The superiority requirement is readily satisfied in cases such as this where there are members of the Class who are likely to have "relatively small claims making it expensive to seek recovery through individual litigation," and, hence, where a "class action would be the most efficient use of judicial resources in resolving the common issues." *In re Neopharm, Inc. Sec. Litig.*, 225 F.R.D. at 568. Rule 23(b)(3) provides that matters pertinent to a finding of superiority include: "(A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action."

In this case, Class members do not have an interest in individually controlling the prosecution of separate actions given the complexity of this case and the likely resources that would be engendered by such separate litigation versus the potential recovery. Indeed, the damages or other financial detriment suffered by Plaintiff and the other Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Groupon, so it would be impracticable for them to individually seek

---

[3] Proposed Class Counsel's credentials and experience will be comprehensively explained to the Court in Plaintiff's opening Memorandum of Law in Support of Motion for Class Certification, the filing deadline for which Plaintiff will request upon its presentment of this Motion to the Court.

7

redress for Groupon's wrongful conduct. Even if the Class members could afford individual litigation, the court system could not. Individualized litigation creates a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Given the similar nature of the Class members' claims, class treatment of this litigation will ensure that all claims and claimants are before this Court for consistent adjudication thereof and will be easily managed by the Court and the parties to this action. Moreover, Plaintiff is unaware of any issues affecting only individual Class members.

Finally, since Groupon engaged in a similar course of conduct directed to all Class members, the critical and identical factual issues require discovery, possibly expert testimony, and perhaps a trial. There is no reason to have these identical issues developed repeatedly in separate cases by individual claimants, even if they could afford to do so. Because it would be economically unreasonable for Plaintiff and the other Class members to adjudicate their separate claims individually, the superiority requirements of Rule 23(b)(3) are satisfied.

**6.     Declaratory and Injunctive Relief – Federal Rule of Civil Procedure 23(b)(2).**

Groupon has acted or refused to act on grounds generally applicable to Plaintiff and the other Class members, thereby making appropriate final injunctive and declaratory relief, as described in the Complaint, with respect to the members of the Class as a whole. *Allen v. Int'l Truck & Engine Corp.*, 358 F.3d 469, 471 (7th Cir. 2004) ("The need for, if not inevitability of, class-wide treatment when injunctive relief is at stake is what Rule 23(b)(2) is about.").

**WHEREFORE**, Plaintiff respectfully requests that this Court enter an Order: (1) certifying this case as a class action pursuant to Fed. R. Civ. P. 23(a), (b)(2), and (b)(3); (2) appointing Plaintiff as Class Representative; and (3) appointing Plaintiff's counsel, Adam J.

Levitt, of Wolf Haldenstein Adler Freeman & Herz LLC, and Joseph J. Siprut, of Siprut PC, as Class Counsel.

**Dated:** December 6, 2011

                Respectfully submitted,

                **WOLF HALDENSTEIN ADLER**
                 **FREEMAN & HERZ LLC**

By:   /s/ Adam J. Levitt
        Adam J. Levitt (ARDC #06216433)
        Edmund S. Aronowitz (ARDC #6304587)
        55 West Monroe Street, Suite 1111
        Chicago, Illinois 60603
        Tel: 312-984-0000
        Fax: 312-984-0001
        levitt@whafh.com
        aronowitz@whafh.com

        Joseph J. Siprut
        **SIPRUT PC**
        122 South Michigan Avenue, Suite 1850
        Chicago, Illinois 60603
        Telephone: (312) 588-1440
        Facsimile: (312) 427-1850
        jsiprut@siprut.com

        *Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on December 6, 2011, a copy of the foregoing ***Plaintiff's Motion for Class Certification,*** was filed electronically using the Court's CM/ECF system and was further deposited for delivery by First Class U.S. Mail to:

    David R. Schellhase, Esq.
    General Counsel
    Groupon, Inc.
    600 West Chicago Avenue, Suite 620
    Chicago, Illinois  60654

Dated:  December 6, 2011

                                                              <u>/s/ Edmund S. Aronowitz</u>
                                                               Edmund S. Aronowitz